WARD, Judge.
Vernell Davenport was charged by bill of information on February 2, 1989, with being a convicted felon in possession of a firearm, a violation of LSA-R.S. 14:95.1. On February 15, 1989, he entered a plea of not guilty. The trial court found probable cause and denied the Motion to Suppress the Evidence on March 29, 1989. A twelve-member jury found him guilty of attempted possession of a firearm by a convicted felon on April 18, 1989. He was sentenced on July 6, 1990, to serve five years at hard labor without benefit of parole, probation, or suspension of sentence. That sentence was affirmed by this Court in an errors patent appeal. State v. Davenport, 561 So.2d 216 (La.App. 4th Cir.1990).
Davenport applied for post conviction relief, arguing that he was effectively denied assistance of counsel when appellate counsel did not comply with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by Lofton v. Whitley, 905 F.2d 885 (CA 4 1990) in. the error patent brief filed on his behalf. The defendant was granted a new appeal, and he now argues that his conviction is not supported by the law or by the evidence.
On January 8, 1989, about 6:15 A.M., NOPD Officer Terry Bravender, who was stopped at a red light at Washington Avenue and Baronne Street, saw an approaching blue 1989 Corsica Chevrolet run the red light. The officer noticed a man and woman seated in the front and another man in the back of the car. Bravender turned on his lights and siren and made a U turn to follow the car. The Chevrolet driver ran another red light at St. Charles Avenue, and then Bravender saw Davenport, who *1091 was sitting in the back seat, hand a shiny metal object to the driver. On Prytania Street the car crossed through on a third red light, and as it passed Commander’s Palace the driver threw the metal object out the window. The officer radioed that what appeared to be a gun had been thrown in front of Commander’s Palace Restaurant. Backup officers retrieved the object which proved to be a fully loaded .38 caliber Derringer pistol. Finally, near Magazine Street, the Chevrolet stopped; Bravender learned the names of the driver and passengers and when he entered the names into his computer, he learned that both the driver and Davenport had previous felony convictions.
At trial, Vernell Davenport admitted that he has three prior convictions: 1984 — theft and possession of a firearm; 1985 — possession of cocaine; 1987 — possession of a firearm by a convicted felon. Davenport stated that before he was arrested he had been at a nightclub until it closed and had accepted a ride home with the driver of the automobile whom he had just met. He denied having a gun or handing one to the driver to throw out the window.
The defense argues that the evidence does not sustain the defendant’s conviction for attempted possession of a firearm. Defense counsel argues that the jury’s verdict of attempted possession is inconsistent with the State’s contention that the evidence showed actual possession. It is also inconsistent with the defendants contention that his is not guilty because he did not possess the gun. Defense counsel urges that this apparent inconsistent compromise verdict is not supported by the evidence.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987). Thus, the issue on review is whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found attempted possession a responsive verdict, given the facts of this ease. LSA-R.S. 14:27(C) makes an attempt a lesser included offense of the charged crime.
The Supreme Court affirmed a similar verdict in State v. Ford, 407 So.2d 688 (La.1981), where an appellant stopped for a traffic violation was charged with possession of a firearm by a felon because a gun was found in the car; he was convicted of attempted possession of a firearm and argued that the verdict was not responsive under the facts of the case. The Court stated:
Defendant’s argument appears to be with the legislature’s definition of an attempt, but we are not persuaded that his rights were somehow violated when the jury convicted him only on attempt when they could have convicted him of the crime itself. Perhaps they reasoned that his offense was committed when he was outside the car and not in physical possession of the firearm at that time. Regardless, we find no merit to this assignment.
Thus, it appears the jury may convict a defendant of attempt when it could have convicted him of the crime.
Here the jury could certainly have believed the officer’s testimony that he saw the appellant hand a shiny object to the driver who threw it from the car; moreover, they saw the fully loaded gun which had been retrieved from Washington Avenue. Perhaps the jury believed that because Davenport was not in physical possession of the gun when he was arrested he was guilty of the lesser crime of attempt.
We find that under these facts that Davenport was properly convicted of attempted possession of a concealed weapon by a convicted felon. Accordingly, for reasons given above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.