961 So.2d 607 (2007)
STATE of Louisiana, Appellee
v.
Courtney Dion RAY, Appellant.
No. 42,096-KA.
Court of Appeal of Louisiana, Second Circuit.
June 27, 2007.
*609 Peggy J. Sullivan, Louisiana Appellate Project, Monroe, for Appellant.
Paul J. Carmouche, District Attorney, Scott J. Chafin, Jr., Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
Courtney Dion Ray was charged with possession of a firearm by a convicted felon and convicted of attempted possession of a firearm by a convicted felon. He received a sentence of four months at hard labor, without the benefit of parole, probation, or suspension of sentence. Ray appeals his conviction. We affirm.

Facts
On August 4, 2004, Corporal Jeff Peters and Agent Chad Denham of the Shreveport Police Department were called to the La Tierra apartment complex in Shreveport to investigate a narcotics complaint. When they arrived on the scene, they witnessed several males running from the front of the complex. As the officers entered the courtyard in their vehicle, Corporal Peters spotted Ray coming around a corner and observed him lift his shirt and pull out a black handgun. He yelled, "gun" to Agent Denham, and the two officers gave pursuit of the defendant. Ray ran into a breezeway of the apartment building, causing the officers to lose sight of him for approximately five seconds. The officers were eventually able to apprehend Ray at the entrance of the breezeway as he was coming out. After placing the defendant under arrest, Agent Denham conducted a search of the premises and discovered a Glock 17 nine millimeter handgun underneath a doormat in the breezeway.
Ray was charged with possession of a firearm by a convicted felon[1] and convicted in a bench trial of attempted possession of a firearm by a convicted felon. He was sentenced to four months at hard labor, without the benefit of parole, probation, or suspension of sentence. After the denial of motions for post verdict judgment of acquittal and new trial, Ray appealed his conviction.

Discussion

I.
On appeal Ray argues that the evidence adduced at trial against him was insufficient to support his conviction for attempted possession of a firearm by a convicted felon because he was simply at the wrong place at the wrong time. He argues that the testimony of one police officer, who only caught a split-second glimpse of him pulling something from his waistband, is insufficient to support his conviction when a second officer seated next to him did not make the same observation. Ray also argues that there was absolutely no evidence linking him to the gun found at the scene which was located in a high-crime area, known for violence, drugs, and weapons. Consequently, he complains that it was impossible to ascertain the length of time that the gun had been in the breezeway and any possession of the gun on his part.
When issues are raised on appeal both as to the sufficiency of the evidence and one or more trial errors, the reviewing court first reviews the sufficiency claim. This is because the defendant may be entitled to an acquittal under Hudson v. Louisiana, *610 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if the evidence is constitutionally insufficient. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). This standard was legislatively adopted in La.C.Cr.P. art. 821 and applies to cases involving direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983). When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747. It is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Lee, 32,272 (La.App. 2d Cir.8/18/99), 742 So.2d 651, writ denied, 99-2730 (La.3/17/00), 756 So.2d 326.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1089 (La. 1992).
To support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27,301 (La.App. 2d Cir.9/27/95), 661 So.2d 657.
The charged offense is a general intent crime. Attempt, however, is a responsive verdict to the charged offense. La.C.Cr.P. art. 815; State v. Tatum, supra. To sustain a conviction for attempted possession of a firearm by a convicted felon, the state is required to prove that defendant had the specific intent to possess the weapon(s) and that he committed an overt act towards the completion of that offense. La. R.S. 14:27. (Emphasis added). Specific intent is the state of mind that exists when the circumstances indicate that the offender actively desired the prescribed consequences to follow his act or failure to act. La. R.S. 14:10(1). Because intent is a state of mind, it can be inferred from the circumstances of the *611 transaction and the action or inaction of defendant. State v. Johnson, 584 So.2d 1216 (La.App. 2d Cir.1991), writ denied, 589 So.2d 1057 (La.1991).
A jury has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged. State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). A compromise verdict is a verdict which does not "fit" the evidence, but which (for whatever reason) the jurors deemed to be fair. Where a defendant fails to interpose a timely objection to a legislatively provided responsive verdict which is not also a lesser and included offense of the crime charged, conviction will not be reversed if such a verdict is returned, whether or not the verdict is supported by the evidence, as long as the evidence is sufficient to support the offense charged. Id. It would be unfair to permit the defendant to have the advantage of the possibility that a lesser "compromise verdict" will be returned and then to raise the complaint for the first time on appeal. Id.
In this matter, because there was evidence, if believed, that established Ray had possession of a gun and then hid it, the judge's verdict was apparently a compromise decision to find defendant guilty of something less than the charged offense. Ray did not object to the inclusion of the responsive verdict of attempted possession of a firearm by a convicted felon at a time when the judge could have removed it from his consideration. Therefore, our sufficiency review is directed at the charged offense.
Ray stipulated that he was convicted of a felony, specifically possession of a Schedule II controlled dangerous substance, in April of 2001. The sole contested issue in this matter is whether the defendant possessed the firearm.
Corporal Peters testified that he recognized Ray in the apartment courtyard while the defendant was approximately 10 to 15 feet away from his patrol car. Corporal Peters recalled that Ray was wearing tan, light-colored clothing, including shorts. At that time, he placed his vehicle lights on bright to illuminate the defendant's face. According to Peters, Ray lifted his shirt with his left hand and pulled out a black handgun with his right hand. Corporal Peters testified that he alerted Agent Denham about the gun, and drew down his handgun in the defendant's direction. The defendant turned and ran into the breezeway of the apartment complex.
While other suspects also ran into the breezeway, Peters testified that they did not advance farther into the breezeway than the defendant. Peters did not pursue the defendant into the breezeway, and lost sight of him for five seconds. When the defendant made his way out of the breezeway, Peters ordered him down to the ground. No weapon was found on the defendant.
Agent Denham testified that he witnessed the defendant lift his shirt and pull out the "object" that Corporal Peters identified as a gun. Agent Denham also testified that he could not immediately identify the object as a gun at that point. He stated that after placing the defendant under arrest, he conducted a search of the breezeway and discovered a Glock 17 nine millimeter handgun underneath a doormat. Moreover, he stated that although he saw the defendant and another suspect enter the breezeway during the chase, he never lost sight of the other suspect. He also testified that during his pursuit of the defendant, he did not see anyone else come *612 out of the breezeway or hear any doors or windows close.
After reviewing the record in its entirety, we find the evidence sufficient to support Ray's conviction. Both police officers testified that they observed Ray pull an object from his shirt and subsequently run into an enclosed breezeway. Officer Peters clearly identified the object as a gun. Both officers testified that they momentarily lost sight of Ray when he disappeared into the breezeway and moved farther into the enclosure than any of the other suspects. The gun was discovered in the back part of the breezeway, in an area where only the defendant had the opportunity to discard the weapon after eluding the police. Officer Peters' observation of Ray with a gun and the officers' discovery of a gun in the breezeway from which they saw Ray enter and exit is adequate evidence to show that Ray possessed the firearm with guilty knowledge. Moreover, Ray's possession of a firearm is adequate proof to prove the specific intent required for a conviction of the lesser and responsive attempt verdict. See similar facts in, State v. Davenport, 615 So.2d 1090 (La.App. 4th Cir.1993), writ denied, 620 So.2d 839 (La. 1993). Thus, Ray's conviction for attempted possession of a firearm must be upheld.

II.
Ray next argues that the trial court erred in its refusal to grant a continuance to allow the defense an extra day to secure the presence of three missing witnesses. He complains that he was deprived of testimony which would have had a significant impact on the trial court's decision by casting a reasonable doubt on his culpability in the matter. Because these witnesses were under subpoena and had been present in court on previous occasions, Ray surmises that any one of the witnesses might have admitted to ownership of the gun, explained how the gun got under the mat, or provided the missing piece of information that would have exculpated him.
As a general matter, the decision to grant or deny a motion for continuance rests within the sound discretion of the trial judge, and a reviewing court will not disturb a trial court's determination absent a clear abuse of discretion. La.C.Cr.P. art. 712; State v. Strickland, 94-0025 (La.11/1/96), 683 So.2d 218; State v. Gipson, 28,113 (La.App. 2d Cir.06/26/96), 677 So.2d 544, writ denied, 96-2302 (La.1/31/97), 687 So.2d 402.
The requirements for a motion for continuance based upon the absence of a witness are set forth in La.C.Cr.P. art. 709:
A motion for a continuance based upon the absence of a witness must state:
(1) facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) facts showing due diligence used in an effort to procure attendance of the witness.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. La.C.Cr.P. art. 841.
The minutes indicate that the case was continued numerous times during 2005 and 2006. When the trial finally commenced on July 17, 2006, defense counsel stated for the record that she had requested and was granted a continuance of the case on March 1, 2006, due to the absence of four defense witnesses. Counsel also noted that on the next scheduled court date of April 19, 2006, she saw the witnesses in the hallway. On that date, however, the state was granted a continuance. Counsel *613 also explained to the court that after April 19, 2006, the case was continued by the court another two times due to scheduling problems. Counsel further explained that she had subpoenaed the witnesses for those court dates and they showed up for trial.
On July 17, 2006, the trial commencement date, the four witnesses were absent. The court heard the statements of counsel regarding the witnesses' absence and agreed to take the matter up at a later time in the proceedings. Thereafter the state began and completed presentation of its case-in-chief. On July 17, 2006, defense counsel also began the presentation of the defendant's case and called the defendant's brother to the stand. After this witness testified, the court informed defense counsel that because the missing witnesses had been subpoenaed but failed to appear at trial, it was granting counsel one opportunity to get the witnesses. The court continued the trial until August 1, 2006, for the further taking of testimony. It was not until August 7, 2006, that the trial resumed. Defense counsel informed the court that she had issued several subpoenas in the case and that only one of the missing witnesses was present and prepared to testify for the defense. She named three others who were subpoenaed but absent. The court asked counsel if she knew where the witnesses were and whether they were served. Counsel confirmed that the witnesses were served. She also stated that Ray informed her that an unknown third person had signed for two of the witnesses who resided in the same residence. Counsel further explained that Ray had attempted to contact the two witnesses about coming to court and he was informed that they no longer resided in the place of service. The trial court allowed counsel to question the one witness who showed for trial. After Ray testified in his own behalf, defense counsel requested an additional day to get the missing witnesses. The state urged an objection to the oral motion to continue. The trial court denied defense counsel's request because the witnesses had been subpoenaed and did not return to court. Defense counsel did not lodge an objection to the ruling and the trial resumed to conclusion.
Because no contemporaneous objection to the denial of a continuance was lodged, Ray has waived his right to complain of this issue on appeal. Moreover, we find that Ray has made an insufficient showing that the testimony of the missing witnesses would have bolstered his case. In particular, Ray only speculates that any one of the witnesses might have admitted to ownership of the gun, explained how the gun got under the mat, or provided the missing piece of information that would have exculpated the defendant. Finally, there is no abuse of discretion in denying a motion for continuance where there are no facts produced at a hearing showing a probability that the missing witness will be available to testify at some later date. State v. Jasper, 677 So.2d 553 (La.App. 2d Cir.1996); State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983), writ denied, 442 So.2d 460 (La.1983). According to defense counsel, Ray inquired about the presence of two of the missing witnesses and was informed that the witnesses no longer resided at their addresses of record. Furthermore, the defense did not indicate that they were aware of an address where the witnesses could be located. For these reasons, we find no abuse of discretion in the trial court's refusal to grant the continuance.
Ray's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The state also dismissed charges against Ray of illegal possession of stolen things arising from the incident.