997 So.2d 36 (2008)
STATE of Louisiana, Appellee
v.
Eugene A. BOWIE, Appellant.
No. 43,374-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 2008.
Rehearing Denied October 16, 2008.
Rehearing Not Considered October 30, 2008.
*37 W. Jarred Franklin, for Appellant.
Eugene A. Bowie, pro se.
William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Penny W. Douciere, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS and MOORE, JJ.
WILLIAMS, J.
The defendant, Eugene A. Bowie, was charged by bill of information with aggravated battery, a violation of LSA-R.S. 14:34. Following a jury trial, he was convicted as charged. He was sentenced to serve 10 years in prison at hard labor. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On April 14, 2006, at approximately 4:00 p.m., deputies from the Franklin Parish Sheriff's Office were dispatched to 222 Mercer Street in Wisner, Louisiana in reference to a disturbance. Upon arrival, Deputy Derrick Mingo spoke with the victim, Lisa Holmes. Holmes informed the deputy that she had been walking down Mercer Street with her three grandchildren when she saw the defendant walking towards her. Holmes stated that she told the defendant to stop talking to others about her and starting rumors. She stated that the defendant became very angry and hit her in the face with his fist, causing her right cheek to swell. She further stated that the defendant pulled a pocket knife *38 from his pants and held it to her chin and throat area. According to Holmes, the knife pierced her skin, and the defendant threatened to kill her. She stated the defendant then let her go and ran away.
The defendant was charged by bill of information with aggravated battery, a violation of LSA-R.S. 14:34. He opted to represent himself, and the court appointed counsel to stand by to assist him if requested.[1] A jury trial commenced on October 8, 2007, and he was found guilty as charged. The defendant filed a motion for a new trial and a motion for post-verdict judgment of acquittal, which were denied by the court on November 15, 2007. Thereafter, he was sentenced to serve ten years at hard labor. The trial court denied the defendant's motion for new trial and post-verdict judgment of acquittal.
The defendant filed a motion and order for appeal on November 28, 2007, which was granted. On February 25, 2008, the defendant filed a "Request Status of Lodging and Briefing Order, in regard to submitting pro-se brief." He also filed assignments of error and a brief. The appeal was remanded by this court for further proceedings on March 6, 2008, and the trial court was directed to hold an evidentiary hearing to determine whether the defendant knowingly and intelligently waived his right to appellate counsel. At the evidentiary hearing, the defendant indicated that he wanted the assistance of counsel on appeal. An order was issued by the trial court on March 25, 2008 appointing the Louisiana Appellate Project.

DISCUSSION

Sufficiency of the Evidence
In his first assignment of error, the defendant contends the state failed to prove that he committed a battery upon Holmes with a dangerous weapon. He argues that there was no testimony to show that he committed force or violence against Holmes with the knife. He further argues that, at best, the evidence proves that he committed a simple battery and an aggravated assault.
When issues are raised on appeal both as to the sufficiency of the evidence and one or more trial errors, the reviewing court first reviews the sufficiency claim. This is because the defendant may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if the evidence is constitutionally insufficient. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). This standard was legislatively adopted in LSA-C.Cr.P. art 821 and applies to cases involving direct and circumstantial *39 evidence. State v. Smith, 441 So.2d 739 (La.1983). When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747. It is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Lee, 32,272 (La.App. 2d Cir.8/18/99) 742 So.2d 651, writ denied, 99-2730 (La.3/17/00), 756 So.2d 326; State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
Battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:34. Aggravated battery is a battery committed with a dangerous weapon. LSA-R.S. 14:34. "Dangerous weapon" includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm. LSA-R.S. 14:2(3).
At trial, Holmes testified that on the day in question, she was walking down the street with three of her grandchildren when she came into contact with the defendant. She stated that she questioned the defendant about why he had been spreading lies about having sexual relations with her. She further testified that the defendant told her to get out of his face, but she refused. She stated that he then hit her on the chin with his fist and pulled a knife out of his pocket and put the blade up to her throat. She stated that the defendant threatened to kill her and pierced her skin with the knife before he "just took off." She testified that after the incident, she immediately went home and called "the 9-1-1."
William Chapman, an acquaintance of the defendant, testified that he came into contact with the defendant while at a convenience store on the day in question. He testified that the defendant asked him for a ride home. On the ride home, the defendant sat in the passenger seat. After dropping the defendant off, Chapman stated that he ran into a police officer who told Chapman that a complaint had been made about the defendant involving an incident with a woman and a knife. Chapman stated that the officer told him that he had observed the defendant in Chapman's car, and Chapman suggested that the officer look inside his car. After a search of the vehicle, a knife was discovered on the floorboard of the passenger side beneath a pillow. Chapman told the officer that he had never seen the knife before.
Deputy Mingo testified that he responded to a call concerning the incident in question. He testified that Holmes complained that she was in a confrontation with the defendant which resulted in the defendant hitting her in the mouth and putting a knife to her throat. He also testified that he observed Holmes' injuries, including swelling on her right cheek and a cut on her chin and neck area.
*40 Deputy Brandon Box of the Franklin Parish Sheriff's Office testified that during an interview, the defendant admitted that he had been in an altercation with Holmes after she threw rocks at him. The defendant also admitted that he had a knife. The defendant, however, denied that he either hit Holmes or put the knife to her throat.
Deputy Lafayette Ainsworth testified that he also received the call concerning a disturbance at 222 Mercer Street. He stated that some time later, he came upon the defendant in the parking lot of the Wisner Police Department and that the defendant informed him that he and Holmes had gotten into an altercation after the victim threw rocks at him. Deputy Ainsworth further testified that the defendant stated that he had threatened Holmes with a large knife, but let her go. Deputy Ainsworth testified that he later made contact with Holmes and noticed that she had a swollen right cheek and a mark under her chin that was consistent with a knife injury.
After viewing the facts established by the direct evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of aggravated battery proven beyond a reasonable doubt. The evidence in the record clearly reflects that the defendant intentionally used force and violence upon Holmes. He was armed with a dangerous weapon that was clearly calculated or likely to produce death or great bodily harm. Further, Deputies Mingo and Ainsworth both testified that they observed a cut or mark on Holmes' chin and neck area, corroborating her account that the defendant had put a knife to her throat.
This assignment is therefore without merit.

Excessive Sentence
The defendant argues that the imposition of the maximum ten-year sentence is grossly disproportionate to the crime and serves no purpose. He further argues that the trial court placed undue emphasis on his past convictions in 1972 and 1977 for simple burglary and armed robbery, and that his actions did not constitute an aggravated battery.
In reviewing a sentence for excessiveness, this court must first determine whether there has been compliance with LSA-C.Cr.P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App. 2d Cir. 1/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the *41 sentence imposed is proper. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Before imposing the sentence, the trial court complied with the sentencing guidelines as required by LSA-C.Cr.P. art. 894.1. Further, the court examined the presentence investigation report, all mitigating factors, and statements made by the defendant. With respect to the defendant's criminal history, the court noted that the defendant was on parole at the time he committed the instant offense and that he had been previously convicted of armed robbery and simple burglary. The trial court concluded that the defendant exhibited deliberate cruelty towards the victim and that a lesser sentence would deprecate the seriousness of the crime.
After reviewing the record, we cannot say that the trial court abused its discretion in imposing the maximum sentence. The record showed that the defendant intentionally hit Holmes in the face with his fist and placed a knife to her throat in front of her three grandchildren. Police officers testified at trial that they observed Holmes' injuries which included a swollen right cheek and a cut on her chin and neck area. Further, we also note that Holmes was on parole at the time of the instant offense. In light of these circumstances, the sentence neither shocks the sense of justice nor is it a needless imposition of pain and suffering.
This assignment is therefore without merit.

ERRORS PATENT
We have examined the record and note the presence of two errors patent. At sentencing, the trial court did not adequately advise the defendant of the time period within which to apply for post-conviction relief. In State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, the Louisiana Supreme Court held that LSA-C.Cr.P. art. 930.8(C), which requires the trial court to inform the defendant of the limitation period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. The failure to so advise is not grounds to vacate the sentence and remand for resentencing. State v. Cooper, 31,118 (La.App. 2d Cir.9/23/98), 718 So.2d 1063, writ denied, 99-0187 (La.5/14/99), 741 So.2d 663.
In the instant case, the trial court should have advised the defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922. See State v. Pugh, 40,159 (La.App. 2d Cir.9/21/05), 911 So.2d 898.
Additionally, the record indicates that the trial court imposed the sentence immediately after the denial of the defendant's motions for new trial and post-verdict judgment of acquittal. There is no showing on the record that the defendant waived the delay required by LSA-C.Cr.P. art. 873. However, the defendant did not complain of actual prejudice, so the error *42 appears harmless. See State v. Roberson, 40,809 (La.App. 2d Cir.4/19/06), 929 So.2d 789, citing State v. Wilson, 469 So.2d 1087 (La.App. 2d Cir.1985), writ denied, 475 So.2d 778 (La.1985).

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] The record does not contain a transcript of the defendant's Faretta hearing in which he waived his right to counsel at trial. However, the minute entry of December 4, 2006 reflects the following:

Defendant requested that he be allowed to be his own attorney. He was questioned by the court and court explained what an attorney will do for him. Defendant advised that he understands and still wants to represent himself. Court granted defendant's motion to be his own attorney.
The defendant did not raise the right to counsel as an issue in his assignment of errors to this court.