STEWART, J.
 

 |¶ The defendant, Jason M. Davillier, was found guilty of one count of aggravated burglary, one count of attempted aggravated burglary, and one count of attempted illegal use of a dangerous weapon. He was sentenced to serve 20 years at hard labor for the aggravated burglary conviction, 10 years at hard labor for the attempted aggravated burglary conviction, and one year at hard labor for the attempted illegal use of a weapon conviction. The sentences were ordered to be served consecutively. The defendant was also ordered to pay restitution up to an amount of $1,500.00. The defendant now appeals. For the reasons discussed below, we affirm the defendant’s convictions and sentences.
 

 FACTS
 

 On March 28, 2009, the defendant, armed with a sawed-off shot gun, entered Laquita Briggs’s home without authority. The defendant was waving the shotgun, while looking through the home for Briggs’s boyfriend, Mar’Questa Dorsey, also known as “Quez.” Dorsey was not at Briggs’s home at the time.
 

 After leaving Briggs’s home, the defendant entered Consettia Olive’s house without authorization, still armed with the shotgun. He informed Olive that he was looking for Dorsey. Olive’s brother-in-law, David Levester Moore, managed to push the defendant out of the front door.
 

 The defendant used his shotgun to fire shots into Dorsey’s vehicle, which was located in a driveway nearby. The Monroe Police Department subsequently responded to a complaint of shots being fired. While the |2police were conducting their investigation, the defendant arrived at the
 
 *25
 
 scene. The defendant was identified and arrested.
 

 On May 4, 2009, the defendant was charged by bill of information with two counts of aggravated burglary, one count of aggravated criminal damage to property, and one count of illegal use of a dangerous weapon. On March 22, 2010, the state filed an amended bill of information, which charged the defendant with one count of aggravated burglary of the residence of Laquita Briggs, one count of aggravated burglary of the residence of Consettia Olive, and one count of illegal use of a dangerous weapon. The defendant waived his right to a jury trial. On March 23, 2010, a bench trial began.
 

 Laquita Briggs testified that in March of 2009, she lived at 805 South 19th Street in Monroe. She related that her boyfriend, Mar’Questa Dorsey, and the defendant were associates. In fact, the defendant had accompanied Dorsey to her house on several occasions. On the evening of March 28, 2009, Briggs stated that the defendant entered her home without her permission, armed with a sawed-off shot gun with tape on it. Dorsey was not at Briggs’s house at the time. The defendant roamed the entire house, stating that “he was going to shoot Dorsey.” Briggs further testified that as the defendant was leaving her house, he stated that he was going to “shoot up Dorsey’s ear.” Briggs witnessed the defendant walk in the direction of Dorsey’s car, which was located at 1818 Milhaven Road, but she did not see him actually shoot in the car.
 

 |3Consettia Olive testified that she resides at 804 South 19th Street, across the street from Briggs. On March 29, 2009, Olive stated that the defendant ran to Olive’s front door, opened it, and attempted to enter her home. Olive testified that although the defendant had visited her house on previous occasions upon invitation, he was not invited that evening. Olive called her brother-in-law, David Leves-ter Moore, who was present in Olive’s house, to help get the defendant out of her house. The defendant had managed to maneuver his body partially into the house, when Moore pushed the defendant out of the house onto the porch.
 

 After Olive heard gunshots outside, she called the police. By the time the police arrived, Olive stated that the defendant had already fled the scene. Later that night, Olive witnessed the defendant being arrested.
 

 Olive testified that the defendant did have a gun with him at the time, but he did not wave it or point it at anyone. She further testified that she heard the defendant say that he was going to shoot Dorsey’s car, but she did not personally see him do it.
 

 David Levester Moore, the brother-in-law of Consettia Olive, testified that on March 28, 2009, he was at Olive’s house when the defendant knocked on the door. He stated that he did not see the defendant enter the home, but he did overhear Olive telling the defendant to “get out.” Moore also stated that he did not push the defendant out, but rather, walked outside with him. Moore further testified that although it was possible that the defendant had a gun,. he was not aware that the defendant had a gun.
 

 |4Officer James Matthew Schmitz, of the Monroe Police Department, testified that he responded to a call that a man was shooting in the 900 block of South 19th Street in Monroe. While searching for the suspect on foot, he encountered a black male matching the description, running away from South 20th Street. Schmitz then notified other officers by radio, including Officer C.W. Bishop, who worked with a K-9 unit. While the officers were
 
 *26
 
 searching the area, the dog alerted the police to a shotgun hidden behind a shed at 902 South 20th Street. Schmitz identified the gun in court as the gun found by the dog.
 

 Officer Bishop testified that he was called to the scene because a K-9 unit was requested, since they were looking for a suspect armed with a sawed-off gun. He stated that once the dog reached the 900 block of South 19th Street, specifically 902 South 20th Street, it pulled him into the backyard where a shed was located. Behind the shed, the dog alerted them to the shotgun lying on the ground underneath the shed. Officer Schmitz recovered the gun. Bishop testified that the K-9 was able to detect human scent on the gun, which is an indication that the gun had not been under the shed for a long period of time.
 

 The trial court found the defendant guilty of aggravated burglary of the residence of Laquita Briggs, attempted aggravated burglary of the residence of Conset-tia Olive, and attempted illegal use of a dangerous weapon. A presentence investigation report was ordered, and the court scheduled sentencing for June 17, 2010.
 

 |fiOn December 20, 2010, the defendant was sentenced to serve 20 years at hard labor for the aggravated burglary conviction, 10 years at hard labor for the attempted aggravated burglary conviction, and five years at hard labor for the attempted illegal use of a dangerous weapon conviction. All of the sentences were ordered to be served consecutively. The defendant was also ordered to pay restitution to Dorsey, in a reasonable amount not to exceed fifteen hundred dollars. The defendant filed a motion to reconsider sentence on January 4, 2011. On March 24, 2011, the trial court amended the defendant’s sentence for the attempted illegal use of a dangerous weapon conviction to one-year at hard labor. The defendant filed the instant appeal.
 

 LAW AND DISCUSSION
 

 In the defendant’s sole assignment of error, he argues that the evidence was not sufficient to convict him of the charges of aggravated burglary and illegal use of a dangerous weapon. He contends that the circumstantial evidence, coupled with some direct evidence, does not prove that he is guilty of the crimes of aggravated burglary, attempted aggravated burglary, and the attempted illegal use of a dangerous weapon.
 

 With respect to the aggravated burglary conviction, the defendant contends that the element of unauthorized entry is not present, since Briggs testified that the defendant and her boyfriend were friends, and that he was authorized to enter her home when her boyfriend was there. He asserts that he did not enter Briggs’s home forcibly, but rather, opened the screen door and walked in. The defendant argues that he did not threaten her, point the |(igun at her or anybody else in the home, and did not commit any other crime while in Briggs’s home. He also claims that Briggs never asked him to leave.
 

 With respect to the attempted aggravated burglary conviction, the defendant urges that the element of unauthorized entry is absent, since the defendant did not “enter” Consettia Olive’s home. Olive testified that the defendant’s “front end” was in the house and that he had a gun, while David Moore, testified that he did not see a gun.
 

 With respect to the attempted illegal use of a dangerous weapon conviction, the defendant asserts that the evidence was purely circumstantial, and failed to prove that he committed the crime. He further asserts that the state did not prove, be
 
 *27
 
 yond a reasonable doubt, that the defendant fired the shotgun at the car, nor was there any evidence presented that proved it was foreseeable that it may result in death or great bodily harm to a human being.
 

 The question of sufficiency of evidence is properly raised by a motion for post verdict judgment of acquittal.
 
 State v. Howard,
 
 31,807 (La.App. 2 Cir. 8/18/99), 746 So.2d 49,
 
 writ denied,
 
 1999-2960 (La.5/5/00), 760 So.2d 1190. Although the record does not reflect that defendant filed a motion for post verdict judgment of acquittal pursuant to La. C. Cr. P. art. 821, this Court will consider sufficiency arguments in the absence of such a motion.
 
 Id.
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to |7the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). The Jackson standard is applicable in eases involving both direct and circumstantial evidence. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.2/22/06), 922 So.2d 517;
 
 State v. Dotie,
 
 43,819 (La.App. 2 Cir. 1/14/09), 1 So.3d 833.
 

 The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a judge or jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Bowie,
 
 43,374 (La.App. 2 Cir. 9/24/08), 997 So.2d 36,
 
 writ denied,
 
 2008-2639 (La.5/22/09), 9 So.3d 141.
 

 Generally, direct evidence consists of testimony from a witness who actually saw or heard an occurrence, proof of the existence of which is at issue.
 
 State v. Turner,
 
 591 So.2d 391 (La.App. 2 Cir. 1991),
 
 writ denied,
 
 597 So.2d 1027 (La.1992). The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The circumstantial evidence provision set forth in La. R.S. |s15:438 does not establish a stricter standard of review than the more general
 
 Jackson v. Virginia, supra,
 
 formula, but a hypothesis of innocence that is sufficiently reasonable and strong must necessarily lead a rational finder of fact to entertain a reasonable doubt as to guilt.
 
 State v. Moore,
 
 46,252 (La.App. 2 Cir. 5/18/11) 69 So.3d 523;
 
 State v. Charleston,
 
 33,393 (La.App. 2 Cir. 6/23/00), 764 So.2d 322,
 
 writ denied,
 
 00-2603 (La.9/14/01), 796 So.2d 672. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main facts may be inferred according to reason and common experience.
 
 Id.
 

 Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency.
 
 State v. Speed,
 
 43,786 (La.App. 2 Cir. 1/14/09), 2 So.3d 582,
 
 writ denied,
 
 2009-0372 (La.11/6/09), 21 So.3d 299;
 
 State v. Allen,
 
 36,180 (La.App. 2 Cir. 9/18/02), 828 So.2d 622,
 
 writs denied,
 
 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255,
 
 cert. denied,
 
 
 *28
 
 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
 

 La. R.S. 14:60 states in pertinent part:
 

 An aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
 

 (1) Is armed with a dangerous weapon; or
 

 (2) After entering arms himself with a dangerous weapon; or
 

 (3) Commits a battery upon any person while in such place, or in entering or leaving such place.
 

 |9In order to prove aggravated burglary, the state must prove beyond a reasonable doubt that the defendant made an unauthorized entry into an inhabited dwelling with the intent to commit a felony. In addition, the state must prove beyond a reasonable doubt the existence of one of the three aggravating factors.
 
 State v. Manning,
 
 44,403 (La.App. 2 Cir. 6/24/09), 15 So.3d 1204.
 

 La. R.S. 14:27 provides in pertinent part:
 

 A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
 

 B. (1) Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
 

 Attempt requires both the specific intent to commit a crime and an act for the purpose of, or an “overt act,” tending directly toward accomplishment of that crime.
 
 State v. Prine,
 
 44,229 (La.App. 2 Cir. 5/20/09), 13 So.3d 758,
 
 writ denied,
 
 2009-1361 (La.2/5/10), 27 So.3d 298. Specific intent to commit a crime is an element of an attempted offense. The state has the burden of proving the defendant’s specific intent to commit the charged crime.
 
 Id.
 
 Conviction of an attempted offense must rest upon sufficient proof that the offender actively desired to cause the prescribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the purpose and tending directly toward the | ^accomplishing of his object.
 
 Id.
 
 The determination of whether the requisite intent is present is for the trier of fact.
 
 State v. Hill,
 
 42,025 (La.App. 2 Cir. 5/9/07), 956 So.2d 758,
 
 writ denied,
 
 2007-1209 (La.12/14/07), 970 So.2d 529.
 

 This court does not reweigh evidence or assess the credibility of the witnesses.
 
 State v. Smith, supra.
 
 The judge was given the opportunity to assess the credibility of the state’s witnesses, and this court must accord great deference to his decision to accept that testimony as credible.
 

 In the instant case, Laquita Briggs testified that on March 28, 2009, the defendant entered her home without authorization, armed with a gun. Once he entered the home, the defendant searched every room, while screaming, hollering, and cursing. The defendant also expressed his intent to shoot Mar’Questa Dorsey, and to shoot Dorsey’s car.
 

 Consettia Olive testified that on March 28, 2009, the defendant also came to her residence armed with a gun. She
 
 *29
 
 stated that he knocked on her door, proceeded to open it, and managed to push his body partially into the house. Olive screamed for the defendant to “get out.” Again, the defendant’s act of attempting to enter the Olive residence was without authorization. David Moore testified that he overheard Olive screaming for the defendant to “get out,” corroborating Olive’s testimony to that extent.
 

 Even though Briggs and Olive testified that the defendant had permission to be in their respective homes on previous occasions, he did not have permission to be in their homes on March 28, 2009. Based upon these testimonies, the trial court did not err in concluding that the defendant wasJjjguilty beyond a reasonable doubt of one count of aggravated burglary of the residence of Laquita Briggs, and one count of attempted aggravated burglary of the residence of Consettia Olive.
 

 The evidence presented at trial, viewed under the
 
 Jackson
 
 standard, was sufficient to support the conviction of aggravated burglary and attempted aggravated burglary pursuant to La. R.S. 14:60(1). We note that the defendant was charged by bill of information with two counts of aggravated burglary. Attempted aggravated burglary is a responsive verdict to the charged offense of aggravated burglary. A trier of fact has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged.
 
 State v. Ray,
 
 42,096 (La.App. 2 Cir. 6/27/07), 961 So.2d 607.
 

 Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being. La. R.S. 14:94(A). In order to prove illegal use of weapons, the state must prove beyond a reasonable doubt that the defendant (1) intentionally or in a criminally negligent manner discharged a firearm, and (2) that he did so when it was foreseeable that death or great bodily harm to a person might result.
 
 State v. Powell,
 
 95-424 (La.App. 8 Cir. 11/2/95), 664 So.2d 608.
 

 The evidence used to support the illegal weapons conviction was mostly circumstantial evidence. Briggs testified that she heard the defendant say that he “was going to shoot Dorsey’s car.” She also | ^witnessed the defendant walking in the direction of Dorsey’s parked car, which was located in a driveway a couple of blocks from her house. Olive testified that she heard gunshots outside her home. Officer Schmitz and Officer Bishop testified that they were called to the scene in response to a dispatch of a man shooting in the 900 block of South Street, which is near Briggs’s and Olive’s residences. Officer Schmitz further testified that he encountered a black male at 902 South 20th Street, matching the suspect’s description. Detecting a fresh human scent, a K-9 alerted the police to a shotgun located in the backyard, underneath a shed at that location. Schmitz and Bishop identified the gun in court as the one that they retrieved on the evening of March 28, 2009. Further, Briggs and Olive identified that gun in court as the gun the defendant had with him on March 28, 2009, when he entered their homes without authorization.
 

 Although no one testified that they actually witnessed the defendant shooting Dorsey’s car, based on the totality of the circumstances, the evidence was sufficient to show that the defendant intentionally shot Dorsey’s car. The argument that someone other than the defendant shot Dorsey’s car is not a reasonable hypothesis of innocence.
 

 Olive and Briggs testified that Dorsey’s car was parked a few blocks away from their residence. Jurisprudence confirms
 
 *30
 
 that even though Olive testified that Dorsey’s empty car was parked in an empty driveway, the defendant could foresee that his actions might cause bodily harm because this car was located in a residential neighborhood.
 
 State v. Lee,
 
 32,272 (La.App. 2 Cir. 8/18/99), 742 So.2d 651. Further, Officer Childress, of the |iaMonroe Police Department, was dispatched to the scene at approximately 7:41 p.m., in response to the report of gun shots being fired. Although there is no testimony proving that the defendant shot in the direction of any of the nearby residences, the time that the police were notified proves that the defendant fired his gun at a time when it was highly likely that a neighbor would be outside and in danger of being struck by a stray bullet.
 

 Accordingly, we find sufficient evidence that the crime of illegal use of a weapon occurred in this instance. Attempted illegal use of a dangerous weapon is a responsive verdict to the charged offense of illegal use of a weapon. As discussed in an earlier portion of this opinion, a trier of fact has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged.
 
 State v. Ray, supra.
 

 After viewing the evidence in the light most favorable to the prosecution, the evidence presented at trial was sufficient to convict the defendant of aggravated burglary, attempted aggravated burglary, and attempted illegal use of a dangerous weapon.
 

 CONCLUSION
 

 Finding sufficient evidence of the crimes committed, the convictions and sentences are affirmed.
 

 AFFIRMED.