Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,200-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DAVID RAY BOSWELL                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 375,445

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

DAVID RAY BOSWELL                          Pro Se

JAMES E. STEWART, SR.                      Counsel for Appellee
District Attorney

FERNANDO BERNARD GRIDER, JR.
SENAE DENEAL HALL
ERIC MATTHEW WHITEHEAD
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and HUNTER, JJ.

**STONE, J.**

This appeal arises from the First Judicial District Court, the Honorable Ramona Emanuel presiding. On May 7, 2020, David Ray Boswell ("Boswell") was charged by a bill of information with several counts of burglary and one count of illegal use of weapons or dangerous instrumentalities. At the conclusion of his jury trial, Boswell was found guilty of eight counts of simple burglary, one count of illegal use of a weapon, and attempted aggravated burglary. On December 14, 2023, Boswell was sentenced on all convictions to concurrent terms of imprisonment of fifteen years. This appeal followed.

## FACTS

On May 4, 2020, Shreveport Police Officer Robert Brice ("Ofr. Brice") was off duty when he was awakened by his wife at approximately 3:00 a.m. informing him of a "couple of guys" walking up their driveway. Ofr. Brice, after instructing his wife to dial 9-1-1 and arming himself with his service weapon, went outside to investigate the intrusion. In his garage, Ofr. Brice saw and apprehended Brendan "Slade" Hanshew ("Hanshew") — later determined to be Boswell's co-arrestee. After getting Hanshew to the ground, Ofr. Brice saw another man — later identified as Boswell — step into the driveway in front of his home and immediately fire a gun. After firing, Boswell stepped back around the corner of the house and yelled for Hanshew to flee with him.

Upon hearing the gunshots, Ofr. Brice's neighbor (also an off-duty police officer) came to assist in detaining Hanshew. At this point, Boswell had already fled on foot. With Hanshew detained, Ofr. Brice began inspecting his property. He discovered some of his belongings — that he

maintained in his garage — inside a pickup truck that was parked in front of his home. At some point after the incident, Ofr. Brice saw Boswell across the street from his home at a church wearing an orange shirt and carrying a backpack. This description was provided to the police, who had arrived at the scene and begun their investigation. Boswell was later apprehended near the church. Ofr. Brice subsequently identified Boswell as the man who shot at him.

During a separate incident at another location, a Shreve City Car Care employee, Tobey Meeler ("Meeler"), arrived at work to find vehicles — including his own — broken into with items missing from them. From his vehicle (a 2001 Ford F-150 King Ranch), Meeler noticed broken windows and his antenna, two rear wheels, side-by-side tires, and tailgate missing. Also missing were stereo speakers and tailgate from a GMC Sierra, belonging to a Robert Bookout. In yet another incident in Shreveport, Samuel Halphen — like Meeler — arrived at his workplace (BHP) to find that five trucks and a Ford Escape had been broken into; windshields and windows were broken, tailgates had been removed, and additional items were missing from the burglarized vehicles.

Common to and connecting all the burglaries was the pickup truck (which belonged to Hanshew's parents) parked outside of Ofr. Brice's residence. The pickup was towed to the SPD impound lot, where officers were able to recover a wallet, debit/credit cards of BHP victims, and several items in the back of the truck including car audio equipment, truck tailgates, and tires. Additionally, in the center console of the pickup were .39 caliber live rounds. During the investigation, Boswell admitted to having a gun and

provided information about its location to police. Based on this information, Boswell's gun was recovered two days later.

Shreveport Police Officers took both blood and DNA samples, as well as fingerprints, from all burglarized vehicles. The collected samples were compared to a known sample of Boswell's DNA and were found to be a consistent match. The fingerprints provided such sufficient detail for examination, that testimony at trial confirmed the fingerprints found at the scenes of the crimes were Boswell's. Hanshew was excluded as a contributor of DNA in all of the burglaries. SPD returned all the stolen items taken from the crime scenes to their rightful owners.

Defense counsel at trial pointed out that Boswell's probation card was displayed on the courtroom projector for the jury to see. Although the defense makes clear they did not believe this was done intentionally or maliciously, they still moved for mistrial on the grounds that the jury had seen evidence of Boswell's previous criminal history, which is otherwise inadmissible evidence. No admonishment was requested by the defense due to their belief that it may only increase any potential harm done. The trial court denied the motion for mistrial, finding that it was not supported by law and the state's actions did not rise to the level of mistrial in accordance with the law.

After the conclusion of trial, Boswell was unanimously convicted and immediately sentenced to ten years at hard labor for each count of simple burglary, fifteen years at hard labor for attempted aggravated burglary and two years at hard labor for illegal use of a weapon. All sentences were ordered to be served concurrently for a total imprisonment of fifteen years. Boswell's sentence was imposed without providing him the mandatory 24-

hour delay and without a waiver of that delay. Boswell filed a motion for a new trial and a motion for post-judgment verdict of acquittal; both were denied. He now appeals asserting assignments of error directed toward excessive sentence, sufficiency of the evidence and several errors on the part of the trial court.

## DISCUSSION

*Insufficient evidence and trial errors*

In his *pro se* assignments of error, Boswell argues insufficiency of the evidence and abuse of discretion by the trial court throughout the proceedings. Specifically, he argues that the state did not prove all essential elements of aggravated burglary, i.e. it failed to show that he entered any inhabited dwelling. He asserts that no rational trier of fact would have found him guilty of this crime.

When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proven beyond a reasonable doubt. *Hudson v. Louisiana*, 450 U.S. 40, 101 S. Ct. 970, 67 L. Ed. 2d 30 (1981); *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Dennis*, 46,471 (La. App. 2 Cir. 9/21/11), 72 So. 3d 968, *writ denied*, 11-2365 (La. 5/18/12), 89 So. 3d 1189. *State v. Cooley*, 51,895 (La. App. 2 Cir. 5/23/18); 247 So. 3d 1159, *writ denied*, 18-1160 (La. 3/6/19), 266 So. 3d 899.

4

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 05/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Ladell*, 52,847 (La. App. 2 Cir. 9/25/19), 280 So. 3d 932. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Pigford*, 05-0477 (La. 02/22/06), 922 So. 2d 517.

The evidence, whether established directly or inferred from the circumstances, must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983*); State v. Freeman*, 50,282 (La. App. 2 Cir. 4/13/16), 194 So. 3d 1, *writ denied*, 2016-0927 (La. 5/1/17), 220 So. 3d 743. *Cooley, supra.* The appellate court does not assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Green*, 49,741 (La. App. 2 Cir. 04/15/15), 164 So. 3d 331. If the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal and the reviewing court must then consider the assignments of trial error. *State v. Hearold,* 603 So. 2d 731 (La. 1992).

Aggravated burglary is the unauthorized entry of any inhabited dwelling, or of any structure where a person is present, with the intent to commit a felony or any theft therein if the offender is armed with a

5

dangerous weapon. La. R.S. 14:60. A garage or carport is part of an inhabited dwelling. *State v. Mitchell*, 50,188 (La. App. 2 Cir. 11/18/15), 181 So. 3d 800, *writ denied*, 15-2356 (La. 1/9/17), 214 So. 3d 863. La. R.S. 14:27(A) provides that any person who, having a specific intent to commit a crime does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. Lying in wait with a dangerous weapon with the intent to commit a crime shall be sufficient to constitute an attempt to commit the offense intended. La. R.S. 14:27(B). Attempt requires both the specific intent to commit a crime and an act for the purpose of, or an "overt act," tending directly toward accomplishment of that crime. *State v. Prine*, 44,229 (La. App. 2 Cir. 5/20/09), 13 So. 3d 758, *writ denied*, 09–1361 (La.2/5/10), 27 So. 3d 298; *State v. Davillier*, 46,625 (La. App. 2 Cir. 11/2/11), 83 So. 3d 22.

We resolve that the evidence was more than sufficient to convict Boswell of attempted aggravated burglary for the following reasons. First, items from Ofr. Brice's garage were located in the pickup truck that Boswell and Hanshew drove to his home, making it abundantly clear they indeed committed a burglary therein. Boswell's contention that he did not enter an inhabited dwelling is erroneous as it is well settled that a garage is part of an inhabited dwelling. Second, considering that Ofr. Brice and his wife were asleep inside their home during early morning hours with Boswell — a prowler — on their property, a rational trier of fact can infer that he lacked the requisite authorization to be there. Finally, an armed Boswell fired his weapon, fled the scene, and was later identified by Ofr. Brice as the man

6

who shot at him. Therefore, viewing the evidence in the light most favorable to the prosecution, we find that the state presented sufficient evidence for a reasonable trier of fact to convict Boswell of attempted aggravated burglary. This assignment lacks merit.

***Motion to suppress***

Boswell argues that he was denied a fair trial when the trial court failed to rule on his *pro se* motion to suppress evidence. The trial court is afforded great discretion in ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion. *State v. Lee*, 05–2098 (La. 1/16/08), 976 So. 2d 109, 122; *State v. Montejo*, 06-1807 (La. 5/11/10), 40 So. 3d 952. A defendant is limited on appeal to the grounds he articulated at trial and a new basis for a claim, even if it would be meritorious, cannot be raised for the first time on appeal. *Montejo, supra.* When a defendant proceeds to trial without raising an issue which was the subject of a pending pretrial motion, he waives his right to have the motion heard or ruled upon. *State v. Robinson*, 46,091 (La. App. 2 Cir. 4/20/11), 63 So. 3d 1113, *writ denied*, 11-0901 (La. 11/23/11), 76 So. 3d 1148, and *writ denied*, 11-1016 (La. 11/23/11), 76 So. 3d 1149; *State v. Cooper*, 45,568 (La. App. 2 Cir. 12/8/10), 55 So. 3d 873.

In his *pro se* assignment, we note that Boswell did not specify what evidence he was looking to suppress but stated, rather vaguely, that he was "seeking to suppress certain evidence" that would have given him the opportunity to a fair trial. Boswell proceeded to trial without objecting or raising the issue that his pretrial motion to suppress was neither heard nor ruled upon. The general rule is that appellate courts will not consider issues

raised for the first time on appeal. Boswell's alleged error is not properly

before us for review. This assignment of error is therefore pretermitted.

***Abuse of Discretion***

In his last *pro se* assignment, Boswell argues the trial court erred in

denying his motion for mistrial after the state inadvertently displayed — in

the presence of the jury — his probation identification card on a courtroom

projector. Boswell contends that this misconduct by the state clearly

prejudiced him and resulted in an unfair trial, thereby violating his

constitutional rights. At the trial, the state conceded that displaying

Boswell's probation identification card was indeed an unintentional

oversight, but nonetheless was not sufficient to constitute prejudicial

misconduct under La. C. Cr. P. art. 770.

La. C. Cr. P. art. 775 requires a mistrial on motion of the defense

when prejudicial conduct inside or outside the courtroom makes it

impossible for the defendant to receive a fair trial. Upon motion of a

defendant, a mistrial shall be ordered when a remark or comment, made

within the hearing of the jury by the judge, district attorney, or a court

official, during the trial or in argument, refers directly or indirectly to

another crime committed or alleged to have been committed by the

defendant as to which evidence is not admissible. La. C. Cr. P. art. 770.

Mistrial is a drastic remedy which is authorized only where substantial

prejudice will otherwise result to the accused. *State v. Roberson*, 46, 697

(La. App. 2 Cir. 12/14/11), 81 So. 3d 911, *writ denied*, 12-0086 (La.

4/20/12), 85 So. 3d 1270. The determination of whether actual prejudice has

occurred lies within the sound discretion of the trial court and will not be

disturbed on appeal absent an abuse of that discretion. *State v. Wilson*, 50,

589 (La. App. 2 Cir. 5/18/16), 196 So. 3d 614; *State v. Authier*, 46, 903 (La. App. 2 Cir. 4/25/12), 92 So. 3d 494, *writ denied*, 12-1138 (La. 11/2/12), 99 So. 3d 662, *State v. Bell*, 51,312 (La. App. 2 Cir. 5/17/17), 222 So. 3d 79.

Even if a mistrial was warranted under La. C. Cr. P. art. 770, 771, or 775, the failure to grant a mistrial would not result in an automatic reversal of the defendant's conviction but would be a trial error subject to the harmless error analysis on appeal. *Roberson, supra.* Trial error is harmless where the verdict rendered is "surely unattributable to the error." *Wilson, supra.*

We are unconvinced that Boswell is entitled to a mistrial under the provisions of La. C. Cr. P. art. 770. It was stipulated at trial that Boswell's probation identification card being shown to the jury was inadvertent. Review of the record shows that neither the state nor other court personnel made any remarks regarding Boswell, or the charge associated with the probation identification card. The inadvertent display of Boswell's probation identification card was not so prejudicial as to make it impossible for him to obtain a fair trial. Boswell was positively identified by Ofr. Brice, the victim of his attempted aggravated burglary, and his fingerprints were a consistent match according to DNA test results introduced at trial as evidence from the crime scenes of several burglaries across Shreveport. Considering the overwhelming evidence against Boswell in this case, his guilty verdict is surely not attributed to the display of his probation identification card. We find no abuse of discretion on the part of the trial court in denying a mistrial. This assignment lacks merit.

*Excessive sentence*

Boswell appeals asserting the trial court failed to adequately tailor his sentence as an individual and claims that his sentence is unconstitutionally excessive and harsh. Boswell contends there was no justification for the imposition of maximum and near maximum sentences and notes that while the trial court deemed his criminal history "concerning," there was no further discussion of mitigating factors he felt should have been considered during his sentencing. Boswell argues that his conduct did not threaten serious harm; he does not possess a history of violence; he was acting under the influence of drugs at the time of the offenses; he is a father of three and has an extensive employment history working in the oil fields and as an electrician; despite his drug problem, society and the community are not served by incarcerating him for fifteen years; he can be a contributing member of society; he can continue to support his children; and his offenses were not the worst offenses, and he is not the worst kind of offender.

The state argues that Boswell's sentence is constitutionally sound, and the relative fortune that no one was seriously harmed that night should not deprecate the seriousness of the acts and violations that occurred during his crime spree.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749; *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 20-00745 (La. 11/19/19) 282 So. 3d 1065.

Ordinarily, appellate review of sentences for excessiveness utilizes a two-prong process. However, when the motion to reconsider sentence raises only a claim of constitutional excessiveness, a defendant is relegated to review of the sentence on that ground alone. La. C. Cr. P. art. 881.1(E); *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So.3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Boswell, by failing to state specific grounds for his motion to reconsider sentence, has waived his right to have his sentence reviewed for compliance with art. 894.1. As a result, the remaining question is whether his sentence exceeds the punishment allowed by the state and federal constitutions.

The Eighth Amendment of the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. *State v. Sepulvado*, 367 So. 2d 762 (La. 1979). The appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. To assess a claim that a sentence violates La. Const. art. I, §20, the appellate court must determine if the sentence is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey,* 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. Cir.

11

1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18) 254 So. 3d 1208. The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Gaines*, 54,383 (La. App. Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428; *State v. Tubbs*, 52, 417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied,* 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons*., 20-00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied*, 20-00307 (La. 9/8/20), 301 So. 3d 30.

Whoever commits the crime of simple burglary shall be imprisoned with or without hard labor for not more than twelve years. *See*, La. R.S. 14:62. Whoever commits the crime of illegal use of weapons or dangerous instrumentalities shall be imprisoned with or without hard labor for not more than two years. *See*, La. R.S. 14:94. The sentencing range for attempted aggravated burglary is six months to fifteen years at hard labor. *See*, La. R.S. 14:27 and 14:60.

We find no abuse of discretion in the sentences imposed on Boswell in this case. While Boswell may be a first felony offender in the state of Louisiana, we cannot ignore the quantity and progression in which Boswell committed these offenses over a short period of time. The trial court referenced Boswell's criminal record as "concerning," while pointing out that he had a slew of other charges, albeit in a different state, of the same

nature involving burglaries of residences and vehicles for over a decade.[1] His sentences were completely appropriate.

Boswell lists mitigating factors including that his conduct did not threaten serious harm, he is likely to respond to probationary treatment and society, and the community is not served by incarcerating him for fifteen years. We disagree with his perspective as he burglarized *several* vehicles throughout Shreveport and attempted to burglarize a family's home while armed. Moreover, Boswell proceeded to fire his weapon while in the commission of the offense, thereby placing both Ofr. Brice and Hanshew in danger of serious bodily harm. Boswell was given the benefit of probation for previous crimes, and it is abundantly clear that he has not responded well to noncustodial treatment because of his seemingly recalcitrant attitude. Society and the community are better served when its citizens can sleep comfortably at night without concerns about their personal belongings being taken by someone who feels entitled to them.

Based on the severity, progression, and pattern of similar offenses exhibited by Boswell, we conclude the imposition of a concurrent fifteen-year sentence does not shock the sense of justice and, thus, is not excessive.

### ERROR PATENT

Review of the record reveals two errors patent. First, we note the trial court failed to observe the sentencing delays under La. C. Cr. P. art. 873, and there was no express waiver of these delays by Boswell.

---

[1] Boswell has a criminal history in the state of Texas dating back to 2005. His offenses include burglary of a building, theft of property, possession of controlled substances, and several incidents involving burglary of vehicles.

The failure to observe the delay provided under La. C. Cr. P. art. 873 or for the delay to be waived is considered harmless error in the absence of an objection or a showing of prejudice. *State v. Haynes*, 52,331 (La. App. 2 Cir. 11/14/18), 260 So. 3d 738, *writ denied,* 18-2081 (La. 6/3/19), 272 So. 3d 542. Boswell neither objected to the trial court's failure to observe the 24-hour sentencing delay nor assert any prejudice that resulted. Thus, the trial court's failure to observe the delay was harmless error and remand for resentencing is not necessary.

The second error patent reveals that the record does not contain a uniform commitment order. La. C. Cr. P. art. 892(B) requires the clerk of court to prepare a copy of the Uniform Sentencing Order in the format authorized by the Louisiana Supreme Court. However, failure to prepare a commitment order shall not affect the validity of a prosecution, conviction, or sentence. La. C. Cr. P. art. 892(D). Accordingly, we instruct the trial court to direct the clerk of court to prepare a uniform commitment order.

## CONCLUSION

For the foregoing reasons, we affirm the actions and judgment of the trial court and remand this case to have the clerk of court prepare a uniform order of commitment in accordance with La. C. Cr. P. art. 892.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**