PER CURIAM.
It Granted. The decision of the court of appeal is reversed and defendant’s convictions and sentences are reinstated.
On appeal of defendant’s convictions and sentences on two counts of aggravated rape in violation of La.R.S. 14:42, the court of appeal determined that an error under the Confrontation Clause of the Sixth Amendment occurred when the state’s DNA expert testified, over defendant’s objection, that the DNA profile developed from a blood sample taken from defendant matched the DNA profile developed by other technicians who did not testify at trial from biological samples taken from the victims after they were sexually assaulted. The samples were taken from the victims nearly 10 years before a search of the CODIS data base identified defendant as the donor of the samples. One profile was developed by the Acadiana Criminalis-tics Laboratory; the other by a private laboratory in Tennessee under contract with Acadiana to test the sample using the same protocols and computer |2software. The results of the victims’ tests were used *1161 as a basis of comparison to a profile of defendant’s DNA but the reports themselves were not introduced into evidence under the provisions of R.S. 15:499 (certificates of criminalistics laboratories). The court of appeal further determined that without the DNA testimony, the state’s evidence was not sufficient to support defendant’s conviction on either count because the victims were unable to identify their assailant. The court of appeal therefore reversed defendant’s convictions and sentences and ordered him discharged from custody. State v. Bolden, 11-0237 (La.App. 3 Cir. 10/5/11), 103 So.3d 377
However, even assuming that a Confrontation Clause error occurred, the court of appeal erred in conducting review of the sufficiency of the evidence by subtracting the evidence provided by the state’s DNA expert, on the premise that it should not have been admitted in the first place, and concluding that the remaining evidence did not support the jury’s verdicts. Review of the sufficiency of the evidence as a matter of the Due Process Clause under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), encompasses all of the evidence introduced at trial, inadmissible as well as admissible. See State v. Hearold, 603 So.2d 731, 734 (La.1992) (“[W]hen the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the assignments of trial error to determine whether the accused is entitled to a new trial ... but is not entitled to an acquittal even if the admissible evidence, considered alone, was insufficient.”) (citing Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988)). In the present case, the opinion testimony of the ^state’s DNA expert, found credible by the jury, provided direct scientific evidence linking defendant to both crimes and satisfied the state’s burden of negating any reasonable probability of misidentification. State v. Long, 408 So.2d 1221, 1227 (La.1982). If trial court error occurred with respect to the admission of the DNA testimony, a remand for retrial, not acquittal and discharge of the defendant, was the appropriate remedy.
However, no Confrontation Clause error in fact occurred in the present case. The court of appeal issued its opinion before the United States Supreme Court rendered its decision in Williams v. Illinois, 567 U.S. -, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012). In Williams, a bare majority of the court determined that no violation of the Confrontation Clause occurred when the state’s DNA expert testified, on the basis of the report of another DNA expert who did not appear at trial, that the DNA profile developed from a blood sample taken from defendant matched the DNA profile developed from biological samples taken from the victim of a sexual assault. There was no agreement on any single rationale among the five Justices subscribing to the proposition that the DNA profile developed by the non-testifying technician who examined the biological samples from the victim was not a “testimonial” statement for purposes of the Confrontation Clause and the decision may have uncertain compass. Williams, 567 U.S. at -, 132 S.Ct. at 2265 (Kagan, J., dissenting)(“That creates five votes to approve the admission of the [DNA report by the non-testifying technician], but not a single good explanation.”). We therefore read Williams no more broadly than the particular circumstances that led to the convergence of the votes of five Justices to uphold the judgment of the Illinois appellate courts affirming the defendant’s conviction and that are substantially similar to those in the | ¿present case. No error under the *1162 Confrontation Clause occurs when a DNA expert testifies that in his or her opinion the DNA profile developed from a sample taken from defendant matches the DNA profile developed by other, non-testifying technicians from biological samples taken from the victim of a sexual assault if: the tests on the victim’s samples were conducted before the defendant was identified as the assailant or targeted as a suspect, Williams, 567 U.S. at -, 132 S.Ct. at 2242-48 (Alito, J., joined by Roberts, C.J., and Kennedy, J.) (“The abuses that the Court has identified as prompting the adoption of the Confrontation Clause shared the following two characteristics: (a) they involved out-of-court statements having the primary purpose of accusing a targeted individual of engaging in criminal conduct and (b) they involved formalized statements such as affidavits, depositions, prior testimony, or confessions.... Here, the primary purpose of the [laboratory] report, viewed objectively, was not to accuse petitioner or to create evidence for use at trial.... its primary purpose was to catch a dangerous rapist who was still at large, not to obtain evidence for use against petitioner, who was neither in custody nor under suspicion at that time.”); the tests are conducted by an accredited laboratory, id., 567 U.S. at -, 132 S.Ct.at 2244 (Alito, J.) (“In short, the use at trial of a DNA report prepared by a modem, accredited laboratory bears little if any resemblance to the historical practices that the Confrontation Clause aimed to eliminate.”)(internal quotation marks and citation omitted), and id., 567 U.S. at -, 132 S.Ct. at 2248-49 (Breyer, J., concurring) (Reports of modern accredited laboratories encompassing a broad range of “technical or professional data, observation, and judgments” “presumptively fall outside the category of ‘testimonial’ statements that the Confrontation Clause makes ^inadmissible.”); and the report of the test results itself is not introduced as a certified declaration of fact by the accredited laboratory. Id., 567 U.S. -, 132 S.Ct. at 2260 (Thomas, J., concurring in judgment) (“[The laboratory] report is not a statement by a ‘witnes[s]’ within the meaning of the Confrontation Clause [because it] lacks the solemnity of an affidavit or deposition, for it is neither a sworn nor a certified declaration of fact.”).
In addition, as a matter of Louisiana law, the computer printouts of the profiles developed from the victims’ samples by the two laboratories using the same software did not constitute statements of a declarant for purposes of La. C.E. art. 801 (defining a statement as an oral or written assertion by a declarant, or “a person who makes a statement”), cf. State v. Armstead, 432 So.2d 837, 839 (La.1983) (distinguishing between computer stored human statements which are hearsay and computer generated statements which are nonhearsay), and the factual assertions made by the technicians that the profiles related to the specific samples delivered to the laboratories were admissible despite their hearsay character under the business or public records exceptions to the hearsay rule in La.C.E. art. 803(6) and 803(8). Cf. Williams, 567 U.S. at -, 132 S.Ct. at 2249 (Breyer, J., concurring) (“Statements of this kind fall within a hearsay exception that has constituted an important part of the law of evidence for decades.”) (citing Fed. Rule Evid. 803(6) (“Records of Regularly Conducted Activities”); 2 J. Wigmore, Evidence §§ 1517-1533, pp. 1878-1899 (“Regular Entries”)).