# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1082

**STATE OF LOUISIANA**

**VERSUS**

**LAWRENCE LAFLEUR**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 90440-FA
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and James T. Genovese, Judges.

**CONVICTION AFFIRMED. SENTENCE VACATED. REMANDED FOR RESENTENCING.**

**Trent Brignac**
**District Attorney**
**Julhelene E. Jackson**
**Assistant District Attorney**
**Post Office Drawer 780**
**Ville Platte, LA   70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, LA   70602-3752**
**(337) 502-5146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Lawrence Lafleur**

**Lawrence Lafleur**
**Pine Prairie Correctional Center**
**Post Office Box 650**
**Pine Prairie, LA   70576**
**IN PROPER PERSON**

**AMY, Judge.**

The defendant was convicted of forcible rape and sentenced to thirty years at hard labor. The defendant appeals. For the following reasons, we affirm the defendant's conviction, vacate his sentence, and remand for resentencing.

**Factual and Procedural Background**

In April of 1994, the victim, J.T.,[1] was alone in a washateria in Mamou, Louisiana, when she was approached by a masked man who demanded money. Although J.T. attempted to give the man her washing money, he instead forced her into the washateria bathroom and raped her. J.T. drove immediately to the Mamou police and reported the rape. However, she was unable to identify her attacker.

A sexual assault examination was performed, and J.T.'s sexual assault examination kit was forwarded to the Acadiana Criminalistics Laboratory. Seminal fluid was identified on J.T.'s vaginal swabs, on some socks she had been holding during the rape, and on J.T.'s pants. At the time, the lab was unable to process DNA, so J.T.'s sexual assault examination kit was stored. Eventually, the vaginal swabs were sent to a lab, Orchid Cellmark, in Dallas, Texas, where they were processed for DNA. The results were sent back to the Acadiana Criminalistics Laboratory for analysis. Thereafter, an analyst determined that the DNA results from J.T.'s sexual assault examination kit matched a profile in the DNA database. That profile belonged to the defendant, Lawrence Lafleur.

After the analyst notified the Mamou police about the match, the defendant was arrested. While in custody, the defendant made several inculpatory statements to the police and signed a permission to search form allowing the police to take a blood sample. The defendant's blood sample was sent to the Acadiana

---

[1] The victim's initials are used pursuant to La.R.S. 46:1844(W).

Criminalistics Laboratory where testing confirmed that the defendant's DNA matched the DNA retrieved from J.T.'s vaginal swabs.

The State subsequently charged the defendant with forcible rape, a violation of La.R.S. 14:42.1. After a trial, the defendant was found guilty of that charge. Thereafter, the trial court sentenced the defendant to thirty years at hard labor.

The defendant appeals, asserting in his counseled brief that:

1. The trial court erred in admitting expert testimony based on a report where the Appellant was not given the opportunity to confront and cross-examine the person who prepared the report, in violation of his constitutional rights of confrontation and cross-examination.

2. The trial court erred in sentencing the offender to a 30-year sentence without articulating a factual basis for its sentence and for failing to consider aggravating and mitigating circumstances as required by La. Code Crim. P. art. 894.1.

3. The trial court committed an error patent by failing to give offender credit for time served as part of his sentence.

The defendant has also filed a pro se brief, asserting as error therein:

1. The trial court erred by not allowing the jury to hear the original statement of the defendant from November 7, 2011[,] in violation of La.C.E. art. 901.

2. The trial court erred when it failed to order a mistrial when the Assistant District Attorney, Marcus Fontenot, made a prejudicial statement in the presence of the jury, in violation of La.C.Cr.P. art. 771 and 774.

3. The trial court erred when it failed to grant a motion for mistrial when defense attorney Kelly Tate made an objection to a state actor alleged prior crimes[sic], in violation of La.C.Cr.P. art. 771.

4. The trial court erred when it allowed expert witness, Caroline Booker, to testify about facts that she had no personal knowledge of, in violation of La.C.E. art. 703.

5. The trial court erred when it allowed the use of stipulations to deprive the defendant of his right of confrontation, in violation of U.S. Const. Amend. Six.

2

6.      The trial court erred when it allowed the State to file an amended Bill of Information during the trial and denied the defense's motion for continuance, in violation of U.S. Const. Amend. Six.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. We observe one error patent which requires vacating the defendant's sentence and remanding for resentencing. The defendant was convicted of forcible rape, a violation of La.R.S. 14:42.1. The sentencing provisions of La.R.S. 14:42.1(B) state that "[w]hoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." The record indicates that, when asked what portion of the sentence was "without benefit," the trial court stated that "Well I think it is, it's certainly the 85%, whatever it is, that's what it is."

As it is unclear how many years of the defendant's sentence were actually imposed without the benefit of probation, parole, or suspension of sentence, we find that the defendant's sentence is indeterminate. *See* La.Code Crim.P. art. 879. Accordingly, we vacate the defendant's sentence and remand for resentencing.[2]

*Admissibility of Expert Testimony*

The defendant asserts that the trial court erred in permitting Caroline Booker, an analyst with the Acadiana Criminalistics Laboratory, to testify concerning the results of DNA analysis that was conducted by another analyst. The record reflects that, during her testimony, the State questioned Ms. Booker

---

[2] Having vacated the defendant's sentence, we do not address his assignments of error concerning his sentence.

3

about DNA testing that was done on the vaginal swabs from J.T.'s sexual assault examination kit. The defendant objected on the basis that the testing had been done by Orchid Cellmark, a private laboratory, and that because Ms. Booker had not done the testing herself, she had no knowledge of the testing and that the testimony would violate the defendant's Sixth Amendment right to confrontation. The trial court overruled the objection.

Thereafter, Ms. Booker testified that Orchid Cellmark sent the data to her, that she reviewed it, drew her own conclusions, and inputted the resulting profile into the DNA database. According to Ms. Booker's testimony, the male profile obtained from the vaginal swabs matched a profile in the DNA database. Ms. Booker testified that the matching profile belonged to the defendant. Thereafter, the police obtained a blood sample from the defendant, and Ms. Booker performed additional testing to confirm that the DNA profile obtained from the defendant's blood sample matched the profile obtained from the vaginal swabs from J.T.'s sexual assault examination kit.

In *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004), the United States Supreme Court held that the admission of "testimonial" hearsay violates the Confrontation Clause found in U.S. Const. amend. VI. In *Bullcoming v. New Mexico*, __ U.S. __, 131 S.Ct. 2705 (2011), the Court held that a forensic report that contained a certification concerning the defendant's blood alcohol level constituted testimonial hearsay and that, because the testifying expert had neither signed the certification, nor observed nor performed the test, the admission of the report through the testimony of the expert violated the Confrontation Clause. However, in *Williams v. Illinois*, __ U.S. __, 132 S.Ct. 2221 (2012), the Supreme Court found no violation of the Confrontation Clause where an expert testified that

4

the defendant's DNA profile matched a DNA profile which belonged to the perpetrator of a sexual assault and which was developed by another non-testifying expert. In *State v. Bolden*, 11-2435, pp. 4-5 (La. 10/26/12), 108 So.3d 1159, 1161-62, the Louisiana Supreme Court addressed the admissibility of such testimony, stating:

> No error under the Confrontation Clause occurs when a DNA expert testifies that in his or her opinion the DNA profile developed from a sample taken from defendant matches the DNA profile developed by other, non-testifying technicians from biological samples taken from the victim of a sexual assault if: the tests on the victim's samples were conducted before the defendant was identified as the assailant or targeted as a suspect, [*Williams*, __ U.S. __], . . . the tests are conducted by an accredited laboratory, . . . and the report of the test results itself is not introduced as a certified declaration of fact by the accredited laboratory.

Our review of the record indicates that the expert in this case, Ms. Booker, testified that the defendant's DNA profile matched the DNA profile developed by other, non-testifying technicians. Ms. Booker testified that she performed confirmatory testing after the DNA database initially indicated that the DNA profile identified from the victim's vaginal swabs was a match to the defendant's DNA profile. The record does not indicate that the defendant had been identified as a suspect before the DNA database match. Further, the report of the test results was not introduced into evidence at trial. Although Ms. Booker offered no testimony or evidence concerning Orchid Cellmark's accreditation status, our reading of the record reveals that neither the Acadiana Criminalistics Laboratory nor Orchid Cellmark's accreditation status was at issue during the trial. In particular, we observe that Ms. Booker was qualified as an expert without any questioning concerning the Acadiana Criminalistics Laboratory's accreditation status and that the defendant did not cross-examine Ms. Booker on this issue. *See*

5

*also State v. Grimes*, 11-984 (La.App. 4 Cir. 2/20/13), 109 So.3d 1007, *writ denied*, 13-625 (La. 10/11/13), 123 So.3d 1216.

Further, Confrontation Clause errors are subject to a harmless error review. *State v. Hawkins*, 96-766 (La. 1/4/97), 688 So.2d 473. In *Hawkins*, 688 So.2d at 478 (alteration in original), the supreme court addressed harmless error review, stating:

> An error is harmless if the verdict rendered was surely unattributable to the error. La.Code Crim.P. art. 921. The correct standard of review is as follows:
>
>> Confrontation errors are subject to a *Chapman* [*v. State of Cal.*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)] harmless error analysis. *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The correct inquiry is whether the reviewing court, assuming that the damaging potential of the cross-examination were fully realized, is nonetheless convinced that the error was harmless beyond a reasonable doubt. *Id*. at 684, 106 S.Ct. at 1438. Factors to be considered by the reviewing court include "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id*. at 684, 106 S.Ct. at 1438.

*State v. Wille*, 559 So.2d 1321 (La.1990).

Our review of the record reveals that, even if the trial court erred in permitting Ms. Booker to testify about the lab work done by Orchid Cellmark, that error was harmless. The record indicates that, although Ms. Booker's testimony was important to the prosecution's case, in that the defendant was identified as a suspect because of the database match from the defendant's DNA profile to the unknown male profile obtained from J.T.'s vaginal swabs, the defendant made several statements in which he confessed his involvement in the crime. In

6

particular, the defendant corroborated several details of J.T.'s account of the events of April 22, 1994. The defendant admitted that when J.T. told him that she didn't have any money, he told her "if you can't give me no money then you know, you know, let's have sex[,]" and that he forced J.T. into the washateria bathroom. Further, the defendant admitted that even though J.T. asked him to stop, he had intercourse with her. Thus, based on our review of the record, even if the trial court erred in admitting the testimony about the lab results obtained by Orchid Cellmark, any such error would be harmless.

This assignment of error is without merit.

*Recording of November 7, 2011 Interview*

The defendant argues that the trial court erred in failing to have the recording of his custodial statement taken on November 7, 2011, played for the jury. According to the defendant, if the recording had been played, the jury would have heard him make an allegedly exculpatory statement. Our review of the record does not reveal that the defendant requested that the recording be played for the jury. Additionally, the record indicates that Chief Greg Dupuis testified about the defendant's November 7, 2011 statement without any objection by the defendant concerning the recording. We also observe that the transcript of the November 7, 2011 statement was not introduced into evidence and was not submitted to the jury. Accordingly, we find that the defendant has failed to preserve this issue for review and has waived this assignment of error. *See* La.Code Crim.P. art. 841.

*Testimonial Remarks by the Prosecutor*

The defendant also asserts that the trial court erred in failing to order a mistrial after the prosecutor impermissibly made testimonial remarks during

7

closing arguments.[3] However, our review of the record indicates that the defendant did not object to the allegedly impermissible statements. Thus, the defendant has not preserved this issue for appellate review. *See* La.Code Crim.P. art. 841 and *State v. Williams*, 45,755 (La.App. 2 Cir. 11/3/10), 54 So.3d 1129, *writs denied*, 10-2682, 10-2706 (La. 4/25/11), 62 So.3d 85, 89.

*Other Crimes Testimony*

The defendant contends that the trial court erred in failing to grant a mistrial on the basis of impermissible statements concerning other crimes evidence elicited from Chief Dupuis, one of the State's witnesses.

According to the record, the following colloquy occurred during the State's questioning of Chief Dupuis:

> Q:    Well Chief Dupuis[,] did the defendant have a different version of the facts on the November 8th statement?
>
> A:    Yes sir he did.
>
> Q:    What did he tell you at that time?
>
> A:    At that [time] he said that there was no drugs involved as he stated earlier. . . .

The defense objected to this statement and speculated that a mistrial might be appropriate. Outside the presence of the jury, the State argued that there was no "other crime" because Chief Dupuis had stated that there were "*no* drugs involved" (emphasis added). The defendant argued that the jury would make the inference that at one time he had said there were drugs involved. The trial court overruled the objection.

---

[3] The defendant specifically points to a statement made by the prosecuting attorney during closing arguments about the prosecutor's aunt's propensity to dye her hair.

Louisiana Code of Evidence Article 404(B) provides, in relevant part, that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Our review of the record reveals that Chief Dupuis' statement does not constitute evidence of any "other crimes, wrongs, or acts[.]" Thus, we find no error in the trial court's decision to overrule the defendant's objection. Further, the admission of other crimes evidence is subject to a harmless error analysis, and, absent a reasonable possibility that any erroneous admission contributed to the verdict, reversal is not required. *State v. Stevens*, 11-175 (La.App. 3 Cir. 10/5/11), 74 So.3d 803, *writ denied*, 11-2496 (La. 3/30/12), 85 So.3d 115. Even if the trial court's admission of the statement was erroneous, we find that, after reviewing the record, there is sufficient evidence to support the defendant's conviction. The record indicates that, although J.T. was unable to identify her attacker, the defendant's DNA profile was consistent with the DNA profile recovered from the vaginal swabs in J.T.'s sexual assault examination kit. Notwithstanding the DNA evidence, the defendant made inculpatory statements wherein he corroborated the victim's statement and details of the crime. The defendant admitted that he attempted to rob the victim, and that when she told him she didn't have any money, he told her that they could have sex instead. Further, the defendant admitted that he forced the victim into the washateria bathroom and had intercourse with her even though she told him to stop. Accordingly, we find that any potential error was harmless.

This assignment of error is without merit.

*Expert Testimony Concerning Receipt and Testing of Sexual Assault Examination Kit in 1994*

The defendant next complains that the trial court erred in permitting Ms. Booker to testify as to events for which she had no personal knowledge. The defendant specifically points to Ms. Booker's testimony about the crime lab's processing of the sexual assault examination kit in 1994, including who submitted and received the kit, and that semen was identified on the vaginal swabs from the kit. Our review of the record indicates that, not only did the defendant fail to object to this testimony, but that defense counsel questioned Ms. Booker about the starting date of her employment at the crime lab and who actually received the sexual assault examination kit. Accordingly, we find that the defendant has failed to preserve this issue for appellate review. *See* La.Code Crim.P. art. 841.

*Use of Stipulations*

Additionally, the defendant argues that the trial court erred in permitting the attorneys to stipulate about the testimony of former Assistant Chief of Police Roland Reed, who passed away before trial. The defendant contends that this stipulation violated his right to confrontation under U.S. Const. amend. VI. The record indicates that the prosecutor and the defense stipulated that Asst. Chief Reed delivered the sexual assault examination kit to the Acadiana Criminalistics Laboratory in 1994. The record also indicates that, having stipulated to this testimony, the defense did not object to it. Thus, we find that the defendant failed to preserve this issue for appellate review. *See* La.Code Crim.P. art. 841.

As previously discussed, Confrontation Clause errors are subject to a harmless error review. *Hawkins*, 688 So.2d 473. Although the stipulation concerned evidence which ultimately led to the defendant's identification as a

10

suspect in the rape of J.T., the record indicates that the defendant admitted that he forced J.T. into the washateria bathroom and raped her. Thus, even if the trial court erred in allowing the stipulation, we find that any such potential error was harmless.

This assignment of error is without merit.

*Amended Bill of Information*

The defendant asserts that the trial court erred in permitting the State to file an Amended Bill of Information and in denying the defendant's motion for continuance. The record indicates that, immediately before the start of voir dire, the State moved to file an Amended Bill of Information which changed the date of the alleged offense from April 24, 1994, to April 22, 1994. The defendant objected to the amendment and, on the basis that the amendment might prejudice the defendant, the defense moved for a continuance. The trial court permitted the amendment and denied the motion for continuance.

In *State v. Williams*, 44,418, p. 8 (La.App. 2 Cir. 6/24/09), 15 So.3d 348, 353-54, *writ denied*, 09-1746 (La. 3/26/10), 29 So.3d 1250, the second circuit addressed the State's authority to amend indictments, stating:

> The prosecutor has the authority under La. C. Cr. P. art. 487 to make substantive amendments to an indictment at any time before the beginning of trial, subject to the defendant's right under La. C. Cr. P. art. 489 to move for a continuance if the amendment led to his prejudice. *State v. Crochet*, 05–0123 (La. 6/23/06), 931 So.2d 1083. The purpose of a continuance is to protect defendant from surprise or prejudice which may result from such amendment. *State v. Cleveland*, 25,628 (La.App. 2d Cir. 1/19/94), 630 So.2d 1365. When the state requests an amendment to the bill of information before the first prospective juror is called, the defendant's remedy is a motion for continuance, not an objection to the amendment. *State v. Ignot*, 29,745 (La.App. 2d Cir. 8/24/97), 701 So.2d 1001, *writ denied*, 99–0336 (La. 6/18/99), 745 So.2d 618.

11

Accordingly, the defendant's remedy was to seek a continuance, not an objection to the amendment to the bill of information. Granting or denying a continuance is within the broad discretion of the trial court. *State v. Martin*, 93-285 (La. 10/17/94), 645 So.2d 190, *cert. denied*, 515 U.S. 1105, 115 S.Ct. 2252 (1995). Absent an abuse of that discretion, the trial court's decision will not be overturned. *State v. Ray*, 42,096 (La.App. 2 Cir. 6/27/07), 961 So.2d 607. Our review of the record indicates that defense counsel only posited that the amendment "may prejudice the defendant[,]" and offered no specific explanation of the possible prejudice. Thus, we find no abuse of discretion on the part of the trial court in permitting the amendment and denying the defendant's motion for continuance.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the conviction of the defendant, Lawrence Lafleur, for forcible rape is affirmed. The defendant's sentence is vacated and the matter is remanded for resentencing.

**CONVICTION AFFIRMED. SENTENCE VACATED. REMANDED FOR RESENTENCING.**